

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| EDDIE MORALES,<br><br>               Plaintiff - Appellant,<br><br>   v.<br><br>MICHAEL J. ASTRUE, Commissioner of<br>Social Security,<br><br>             Defendant - Appellee. | No. 11-56003<br><br>D.C. No. 5:10-cv-00013-AGR<br><br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Alicia G. Rosenberg, Magistrate Judge, Presiding

Submitted January 10, 2013[**]
Pasadena, California

Before: McKEOWN and M. SMITH, Circuit Judges, and BELL, District Judge.[***]

---

     [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

     [**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

     [***]    The Honorable Robert Holmes Bell, U.S. District Court for the Western District of Michigan, sitting by designation.

Eddie Hernandez Morales appeals the district court's order affirming the administrative law judge's (ALJ) denial of his request for a continuance. The ALJ proceeded with a video hearing despite Morales' absence because Morales' attorney was present, and the ALJ deemed Morales a non-essential witness. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

The ALJ did not err in denying Morales' request for a continuance. As an initial matter, Morales failed to provide timely notice of his request to reschedule the hearing. *See* 20 C.F.R. § 416.1436(d) (agency must be notified about any request to reschedule the hearing at the "earliest possible opportunity before the time set for the hearing").

Additionally, the ALJ's denial was proper pursuant to § 416.1436(f) and § 416.1450(a), because the ALJ considered the fact that Morales' counsel was present at the hearing on Morales' behalf, and that Morales' frequent incarcerations made rescheduling likely to result in further delays. *See* § 416.1436(f) ("In determining whether good cause exists . . . the [ALJ] will consider . . . the impact of the proposed change on the efficient administration of the hearing process. Factors affecting the impact of the change include . . .delays which might occur in rescheduling your hearing"); *see also* § 416.1450(a) ("[a] party may also make his or her appearance by means of a designated representative"). The ALJ did not err

2

by deeming Morales a non-essential witness because the administrative record contained statements from Morales concerning his claimed disability, and Morales has not shown that his testimony at a continued hearing was necessary.

Finally, Morales asserts that we have jurisdiction to hear his due process claim. This claim has been waived, however, because Morales failed to raise it before the district court, and failed to articulate it in his opening brief. *See, e.g.*, *In re Rains*, 428 F.3d 893, 902 (9th Cir. 2005); *Hibbs v. Dep't of Human Res.*, 273 F.3d 844, 873 n.34 (9th Cir. 2001).

**AFFIRMED.**